## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**RONNIE JOE FORTE et al.**                                                                         **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION NO. 5:23-cv-59-BJB**

**AT&T PHONES**                                                                       **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

### I.

A Complaint filed and signed by *pro se* Plaintiff Ronnie Joe Forte initiated this lawsuit. (DN 1). The Complaint listed as additional Plaintiffs Cecil Guye, Ty'Kel Forte, and Tyrese Wimberly, but they did not sign the Complaint. Prompted by a notice of deficiency sent by the Clerk of Court, (DN 5), Cecil Guye and Ty'Kel Forte signed the Complaint and filed applications to proceed without prepayment of fees (DNs 7–10).

Tyrese Wimberly did not sign the Complaint or submit an application to proceed without prepayment of fees when given the opportunity to do so. Accordingly, the Court dismisses Tyrese Wimberly without prejudice as a Plaintiff in this action and denies as moot the motion to withdraw (DN 11). *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."); *see also Washington v. Wolfe*, No. CV 3:20-0122, 2021 WL 1197698, at *2 (M.D. Pa. Mar. 30, 2021) (after two of four *pro se* plaintiffs signed the complaint, court dismissed the non-signatories under Rule 11(a)); *Bland v. Sawyers*, No. 2:17-CV-762, 2017 WL 4225191, at *1 (S.D. Ohio Sept. 22, 2017) (plaintiff's unsigned complaints were subject to dismissal without prejudice), *report and recommendation adopted*, No. 2:17-CV-762, 2017 WL 11712815 (S.D. Ohio Nov. 6, 2017).

## II.

On review of the applications to proceed without prepayment of fees filed by Plaintiffs Ronnie Joe Forte, Cecil Guye, and Ty'Kel Forte, the Court finds that Plaintiffs make the financial showing required by 28 U.S.C. § 1915(a).  The Court, therefore, **GRANTS** the applications to proceed without prepayment of fees (DNs 2, 7, and 9).

## III.

Because Plaintiffs are proceeding *in forma pauperis*, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the Court dismisses Plaintiffs' lawsuit.

### A. STATEMENT OF CLAIMS

Plaintiffs, who are all residents of Hopkinsville, Kentucky, sue "AT&T Phones" in Hopkinsville, Kentucky.  The Complaint alleges that in February 2022 Plaintiffs purchased four phones for $1,000 each.  They allege that the phones were stolen on March 19, 2022, and that Defendant "did everything [it] could not to honor" their contract's theft policy.  According to the Complaint, Defendant claimed the phones were not activated, required them to obtain two police reports, and claimed that the statute of limitations had run.  They ask that Defendant be required to honor the contract and pay each Plaintiff $1,000,000 for mental anguish.

### B. STANDARD OF REVIEW

Because Plaintiffs are proceeding *in forma pauperis*, this Court must review the Complaint.  *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608–09.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## C. ANALYSIS

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In bringing suit, plaintiffs bear the burden of establishing that subject-matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Typically, a plaintiff establishes a federal court's subject-matter jurisdiction by demonstrating that a right created by the Constitution or laws of the United States is an essential element of the claim, so that federal-question jurisdiction exists under 28 U.S.C. § 1331, or by demonstrating that the plaintiff and the defendant are citizens of different states and that the amount in controversy exceeds $75,000, so that diversity jurisdiction exists under 28 U.S.C. § 1332.

Even construing the Complaint liberally as is required for *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hill v. Lapin*, 630 F.3d 468, 471 (6th Cir. 2010), it alleges no facts indicating that the Court has either federal-question or diversity jurisdiction over this lawsuit. Although Plaintiffs used a complaint form for federal civil-rights suits, Plaintiffs do not

cite 42 U.S.C. § 1983 or otherwise accuse Defendant of any violation of federal law. Nor do Plaintiffs cite any other federal statutes or United States constitutional provisions in support of their claim, and the Court cannot discern any from the facts alleged. The Complaint, therefore, fails to carry the Plaintiffs' burden of establishing federal-question jurisdiction.

Additionally, Plaintiffs fail to establish diversity jurisdiction. The Complaint does not allege that they and the Defendant are citizens of different states as § 1332 requires. Accordingly, Plaintiffs have failed to establish that this Court has subject-matter jurisdiction over this action.

## D. CONCLUSION

For the foregoing reasons, the Court dismisses the case. The Court will enter a separate order dismissing this lawsuit.