# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**RONNIE JOE FORTE et al.**                                                                 PLAINTIFFS

**v.**                                                               CIVIL ACTION NO. 5:23-cv-59-BJB

**AT&T PHONES**                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

On initial review under 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismissed this lawsuit brought by Plaintiffs Ronnie Joe Forte, Cecil Guye, and Ty'Kel Forte for lack of subject-matter jurisdiction. Plaintiff Ronnie Joe Forte has filed a combined motion for reconsideration and for appointment of counsel (DN 14), which the Court denies for the reasons set forth below.

## I.

Plaintiffs Ronnie Joe Forte, Cecil Guye, and Ty'Kel Forte—who are all residents of Hopkinsville, Kentucky—sued "AT&T Phones" in Hopkinsville, Kentucky. The Complaint alleged that four phones purchased by Plaintiffs were stolen and that Defendant "did everything [it] could not to honor" their contract's theft policy. They asked that Defendant be required to honor the contract and pay each Plaintiff $1,000,000 for mental anguish.

As the Court explained in its Memorandum Opinion and Order (DN 12), "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires the Court to dismiss any case, at any time, if it lacks subject-matter jurisdiction. Because Plaintiffs were proceeding *in forma pauperis*, the

Court's determination that it lacked subject-matter jurisdiction occurred on its required initial review of the Complaint under § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d at 608. At that point, the Court determined that the Complaint alleged no facts indicating that the Court has either federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Although Plaintiffs used a complaint form for federal civil-rights suits, Plaintiffs did not cite 42 U.S.C. § 1983 or otherwise accuse Defendant of any violation of federal law. Nor did Plaintiffs cite any other federal statutes or constitutional provisions in support of their claim. Further, the Court could not discern any federal or constitutional law claim from the facts alleged. Nor did the Complaint allege that the Plaintiffs and Defendant are citizens of different states, as required by § 1332 for diversity jurisdiction.

## II.

The Federal Rules of Civil Procedure do not authorize litigants to file motions to reconsider. The Rules do, however, authorize motions seeking relief from judgment. *See* Fed. R. Civ. Proc. 60(b).[1] The Court construes Forte's pro se motion as a request for relief under Rule 60(b), therefore. A court may relieve a party from a final judgment or order under this provision for several reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[1] Because the motion was not filed within 28 days of the Court's dismissal, the Court does not consider it to be one under Rule 59(e) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.).

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).  Only subsections (1) and (6) appear to have any relevance here.

Forte's motion to reconsider, for the first time, alleges that AT&T violated his First and Fourteenth Amendment rights in slandering him, in refusing to honor the contract, in refusing to pay for the phones per the warranty, and in "falsifying the facts."  Rule 60(b), however, "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'"  *Jaiyeola v. Toyota Motor Corp.*, No. 21-1812, 2022 WL 17819776, at *3 (6th Cir. June 16, 2022) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).  Additionally, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'"  *Blue Diamond Coal Co. v. Trs. Of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).  The motion, therefore, appears to fail for this independent procedural reason.

Even if the Court considered the merits of the arguments, however, the motion would still fail.  Claims alleging violations of the constitution must be brought under 42 U.S.C. § 1983, which requires that "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

When defendants are not clearly part of a government entity, a plaintiff may attempt to show they are nevertheless state actors based on a number of doctrinal tests recognized by the Supreme Court: "(1) the public function test, (2) the state compulsion test, and (3) the symbiotic

3

relationship or nexus test." *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007) (quoting *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (en banc)). Plaintiffs did not allege, and nothing in the pleadings suggests, that Defendant AT&T was acting as a state actor in allegedly breaching Plaintiffs' contract. Therefore, Plaintiffs failed to state a constitutional claim against AT&T. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted)); *Balcar v. Jefferson Cnty. Dist. Court*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017) ("These defendants are not alleged to be state actors, as they must be in order for their conduct to be subject to § 1983.") (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

So the new citation to § 1983 doesn't save the Complaint from dismissal based on lack of subject-matter jurisdiction. And Forte's motion does not provide a basis for relief from the final judgment against him for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." *See* FED. R. CIV. P. 60(b)(1) and (6).

Finally, as to Forte's request to have counsel appointed, Plaintiffs had not requested appointment of counsel and have no constitutional right to appointed counsel in a civil case such as this one.[2] *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[3] court-enlisted assistance of counsel is not mandatory, though it may be provided at

---

[2] Plaintiff asks for an attorney "for fair and adequate representation to be appointed to him for the rest of the proceedings." DN 14, p. 1. "The only issue now before me," Forte contends, "is my contention that the District Court wanted to dismiss my complaint without allowing me to present evidence on my claims." *Id.* at p. 2.

[3] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added). *See generally Harrison v. Diamond Pharmacy Servs.*, No. 4:21-cv-63-BJB, 2023 WL 8681192 (W.D. Ky. Dec. 15, 2023).

the discretion of the court. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). In deciding whether to appoint counsel, "courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (citations omitted). Here, no exceptional circumstances exist warranting appointment of counsel: the case is not complex, the Plaintiffs appear capable of describing the facts as they perceive them, Forte hasn't described what the appointment of counsel would accomplish given the case's current posture, and no unusual public or personal considerations appear to be implicated by this disagreement over a cell-phone theft policy.

      For the foregoing reasons, the Court **DENIES** Forte's motion (DN 14).

Date: April 19, 2024

cc:    Plaintiff Ronnie Joe Forte, *pro se*
B213.009

Benjamin Beaton, District Judge
United States District Court